Nov. Term,
1822.

DAWSON
v.
SHAVER.

## DAWSON v. SHAVER and Another.

If, under a statute requiring a sheriff to pay over money collected on execution, to the judgment creditor or into the clerk's office, a suit be brought against him or his sureties by the creditor, the declaration must aver that the money has not been paid to the plaintiff nor into the clerk's office.

In a suit, under the statute, by notice and motion, it is irregular to move to quash the notice for an insufficient description of the cause of action: the defendant should demur.

Where it appears by the sheriff's return of an execution, that he has levied the money, he and his sureties are liable to an action for it without a previous demand.

The statute, authorizing the proceeding by notice and motion against sheriffs and their sureties, is constitutional : the common law forms of proceeding in a suit, either before or after trial, may be changed at will by the legislature, if the right of trial by jury be not infringed.

If an act of the legislature be in direct opposition to a provision of the U. States' constitution, or of our own, the Court cannot recognize it as the law.

In an action by notice and motion, under the statute, against the surety of a sheriff, the notice must describe the bond with as much particularity as is required in a declaration.

Tuesday,
November 5.

ERROR to the *Harrison* Circuit Court.

BLACKFORD, J.—The plaintiffs below, defendants in error, were execution creditors, for whom, it was said, the sheriff had collected money and neglected to pay it over. The defendant was one of the sheriff's sureties. The action was commenced by a notice, under a statute which authorizes such a mode of proceeding against sheriffs and their sureties in certain cases (1). At the term to which the notice was returned executed, there was a motion to quash it, which was overruled. The plaintiffs below then introduced the sheriff's bond, and some other evidence; and the Court, on motion, rendered judgment in their favour. The defendant sues out this writ of error.

The overruling of the motion to quash the notice is one of the errors assigned. As contended for by the defendant below, the notice should certainly have alleged, not only that the money had not been paid over to the plaintiffs or their attorney, but also that it had not been paid into the clerk's office. The surety is not liable to this kind of proceeding, except where the sheriff has failed to pay in every mode mentioned in the statute. This case may be assimilated to an action on a promise in the disjunctive, as, to pay money or deliver a horse, where the

breach should be assigned, that the defendant had not done the one nor the other. 5 Com. Dig. 351.—1 Chitt. Pl. 327. There must have been a failure on the part of the sheriff to pay the money into the clerk's office, before this proceeding could have been instituted against his surety; and it was therefore material that such failure should have been alleged in the notice. For the want of that allegation, the defendant might have succeeded on a general demurrer: but the motion to quash was irregular, and was correctly overruled; because, as respects the description of the cause of action, the notice is in the nature of a declaration, and not subject to such a motion. *Hastrop* v. *Hastings*, 1 Salk. 212.

It was decided in the Court below, that no previous demand on the sheriff was necessary for the maintenance of this suit. The general doctrine is, that where it appears by the sheriff's return of the execution that he had levied the money, he is liable to an action for it without any previous demand. 2 Phill. Ev. 225.—*Dale* v. *Birch*, 3 Camp. 347.—*Longdill* v. *Jones*, 1 Stark. R. 345 (2). We do not think that the statute under which these proceedings were had, alters the practice in that respect; nor that the circumstance of the action's being against the surety, makes any difference.

The plaintiff in this Court contends, that the statute authorizing this proceeding by notice and motion is unconstitutional and void. The objection to the validity of the act of the legislature, on account of its being limited to a particular class of contracts, seems to be untenable. When a man accepts the office of sheriff, and when his friends bind themselves as sureties for the faithful discharge of his duties, they all know beforehand the consequence of their obligation; and they have no reason to complain of any peculiar remedy, previously established by the policy of the law, for the breach of such particular engagements, merely because it is not exactly the same with the remedy prescribed for violations of contract in the common transactions of life.

The statute is said to be unconstitutional, because it introduces a new and unusual mode of commencing actions unknown to the common law. We think there is nothing in this objection. The common law of *England* is not in force in the *United States* as a federal government. In some of the states that law has been adopted by their constitutions, subject however to legisla-

tive control. In others, it has been enacted by their legislatures, and is of course liable to be changed by the same authority. The constitution of our own state invests the judges with common law jurisdiction in such cases and in such manner as may be prescribed by law; and, by an act of the legislature, the common law is made a part of our code. Whilst, therefore, we recognize the common law of *England* as the foundation of our jurisprudence, and acknowledge that its principles must govern where the written law of our country is silent; yet we are clearly of opinion, that the rules of proceeding of this unwritten law of a foreign nation are by no means immutable, but may be at any time changed by the law-making power, except where the constitution has forbidden legislative interference. It is believed that there is no clause in the constitution of the *United States*, or in that of our own state, which requires that the common law mode of proceeding in a suit, either before or after the trial, should be pursued in exclusion of any other that the legislature might choose to direct. The mere circumstance, then, of the mode of commencing suit in certain cases being changed, furnishes no substantial objection to the validity of the statute under consideration. Our every-day practice of instituting actions on contract by capias and requiring bail, is contrary to the rules of the common law; but no one surely ever imagined, that the statute prescribing the practice was on that account unconstitutional.

It is contended, that this act of the legislature takes away the trial by jury, and is therefore void. There are no express words in the act, depriving the parties of their constitutional right of trial by jury; and we are extremely unwilling to believe, that the representatives of the people could ever have intended to abridge this great palladium of liberty, so particularly noticed in the declaration of our independence, and so carefully secured by the constitution of the union, as well as by that of our own state. If, however, that was their intention, we have only to say that so much of the statute as destroys the common law right of trial by jury in civil cases, where the value in controversy exceeds 20 dollars, must yield to the constitution, as the fundamental and paramount law of the land, which has wisely placed that invaluable right beyond the control of any department of the government. *Emmerick* v. *Harris*, 1 Binney, 416. The task is delicate and unpleasant, but the duty of the Court

is imperative, and its authority is unquestionable, to declare any part of a statute null and void that expressly contravenes the provisions of the constitution, to which the legislature itself owes its existence. *Marbury* v. *Madison*, 1 Cranch, 137. The only correct and legal practice, under the statute we have been considering, is, for the parties to make up their issues of law or fact, and go to trial as in ordinary cases.

The plaintiff in error must succeed in this cause. The notice is materially defective, and does not warrant the judgment. It should have described the cause of action with as much certainty and particularity as are required in a declaration; whereas here, the sheriff's bond upon which the action was founded, is not described at all, nor is it even stated that the defendant had ever executed it. These are good objections in arrest of judgment, and consequently may be taken advantage of upon a writ of error.

*Per Curiam*—The judgment is reversed, with costs.

*Moore*, for the plaintiff.

*Kidder*, for the defendants.

(1) Stat. 1807, p. 450;—1813, p. 106;—1823, p. 195.

(2) The sheriff having levied an execution, and returned that the money was in his hands subject to the plaintiff's order, an attachment against him for non-payment was moved for by the execution creditor. The objection of the sheriff was, that the money had not been demanded. The Court held, that the sheriff, without any previous demand, should have paid the money to the plaintiff, or into Court; and a rule was granted, that he should forthwith pay to the plaintiff the amount levied, with the costs of the application, or that an attachment should issue against him. *Brewster* v. *Van Ness*, 18 Johns. R. 133. Vide *Jefferies* v. *Sheppard*, 3 Barn. & Ald. 696; where it is held, that, in an action for money had and received against the sheriff, without any previous demand, for money levied under a fi. fa., the Court will stay the proceedings, upon payment of the sum levied, without costs. Vide also *Wilder* v. *Bailey*, 3 Mass. 294, 5.